COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 MICHAEL STEWART, 
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 No.
 08-10-00322-CR
 
 
 
 
 Appellant,
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 Appeal from the
 
 
 
 
 v. 
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 144th
 Judicial District Court
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
 THE STATE OF TEXAS,
 
 
  
 
 
 of Bexar County,
 Texas
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
 Appellee.
 
 
  
 
 
 (TC# 2008-CR-0215)
 
 
 
 
  
 
 
 §
 
 
  
 
 


 

 

O
P I N I O N

            Appellant
Michael Stewart was indicted for burglary of a building with intent to commit
theft.  He filed a motion to suppress
evidence which was denied by the trial court. 
Appellant then entered a plea of no contest to the charges and the trial
court deferred further proceedings without entering a finding of guilt, and
placed Appellant on 3 years of community supervision.  Appellant argues that the trial court erred
in denying his motion to suppress evidence because the arresting officer did
not have probable cause to initiate a search of Appellant’s vehicle.

Background

            At
that time of the events giving rise to this cause, San Antonio Police Officer Mark
Duke was aware of a burglary problem in his district.  Officer Duke also knew that in some of those
burglaries, the burglar would select a strip mall and target a business that
had a vacant, non-alarmed suite adjacent to the target.  The burglar would break into the vacant
suite, cut a hole in the sheet rock and then enter and burglarize the target
business through the hole.  One of the
businesses which had been previously burglarized had a surveillance video which
depicted a truck involved in the burglary. 
Officer Duke began looking for that vehicle.

While on patrol
October 14, 2007, Officer Duke noticed a pick-up truck which he recognized as
the one involved the prior burglaries. 
He also noticed that the vehicle did not have a front license plate and
that the rear license plate light was not functioning.  Officer Duke also noticed several boxes in
the bed of the pick-up truck which appeared to be new and unopened.  As a result of his observations, Officer Duke
initiated a traffic stop on the vehicle.

As he
approached the vehicle, Officer Duke saw that the boxes in plain view in the
bed of the pick-up truck had shipping labels which were fairly visible and
which had an address on Arion Parkway. 
During the course of the stop, Officer Duke asked Appellant where the
boxes came from, and Appellant replied that he had them for a job he had to do
or he was taking them to storage.  While
he was speaking with Appellant, Officer Duke noticed that Appellant appeared
nervous.  He also noticed that there was
sheetrock dust on both Appellant and his pick-up truck.  Officer Duke instructed Appellant to remain
in his vehicle while he investigated further.

Because of his
knowledge of the prior burglaries and the manner in which they had been
conducted, Officer Duke requested that another officer be dispatched to the
address on the shipping labels to check the location.  Officer Robert Wilson initially indicated
that the address on the shipping labels was secure, but on closer inspection,
discovered that a vacant suite next door had been broken into and a hole cut
into the sheetrock between the suites to gain entrance to the business
reflected on the shipping labels on the boxes in Appellant’s vehicle.  At that time, Appellant was placed under
arrest.

Officer Duke
testified that under normal circumstances, a traffic stop of this nature would
last between five and ten minutes.  Here,
the time between the initial stop and the moment when Appellant was placed
under arrest encompassed approximately thirty-six minutes.

The trial court
denied Appellant’s Motion to Suppress.  Appellant then entered a plea of no contest to
the charges and the trial court deferred further proceedings without entering a
finding of guilt, and placed Appellant on three years of community
supervision.  Appellant appeals the
denial of his motion to suppress evidence.

Standard of Review

            We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard.  St. George v. State, 237 S.W.3d 720, 725
(Tex.Crim.App. 2007); Amador v. State,
221 S.W.3d 666, 673 (Tex.Crim.App. 2007). 
We do not engage in our own factual review as the trial judge is the
sole trier of fact and judge of credibility of the witnesses and the weight to
be given to their testimony.  Amador v. State, 275 S.W.3d 872, 878
(Tex.Crim.App. 2009); Wiede v. State,
214 S.W.3d 17, 24-5 (Tex.Crim.App. 2007). 
Rather, we give almost total deference to a trial court’s determination
of historical facts, particularly when the trial court’s findings are based on
an evaluation of credibility and demeanor. 
St. George, 237 S.W.3d at 725; Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997).  The same deference
is afforded a trial court’s rulings on application-of-law-to-fact
questions.  Guzman, 955 S.W.2d at 89. 
However, we review de novo the
application of legal principles to a specific set of facts, including the trial
court’s determination of reasonable suspicion and probable cause.  State
v. Garcia–Cantu, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008); Guzman, 955 S.W.2d at 87.  When, as in this case, the trial court has
not made specific findings of fact, we must view the evidence in the light most
favorable to the trial court’s ruling.  State v. Iduarte, 268 S.W.3d 544, 548
(Tex.Crim.App. 2008); Neal v. State,
256 S.W.3d 264, 281 (Tex.Crim.App. 2008); State
v. Kelly, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006); Torres v. State, 182 S.W.3d 899, 902 (Tex.Crim.App. 2005).  When the record is silent on the reasons for
the trial court’s ruling on a motion to suppress, we imply the necessary fact
findings that would support the trial court’s ruling if the evidence, viewed in
the light most favorable to the trial court’s ruling, supports these implied
fact findings. Kelly, 204 S.W.3d at
818-19.  A court’s ruling regarding a
motion to suppress will be upheld if the decision made was based on any correct
theory of law applicable to the case.  State v. Ross, 32 S.W.3d 853, 856
(Tex.Crim.App. 2000).

Probable cause
for a warrantless arrest exists if, at the moment the arrest is made, the facts
and circumstances within the arresting officer’s knowledge and of which he has
reasonably trustworthy information are sufficient to warrant a prudent man as
believing that the person arrested had committed or was committing an
offense.  Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13
L.Ed.2d 142 (1964); see Parker v. State,
206 S.W.3d 593, 596 (Tex.Crim.App. 2006). 
“An offense is deemed to have occurred within the presence or view of an
officer when any of his senses afford him an awareness of its occurrence.”  State v.
Steelman, 93 S.W.3d 102, 107 (Tex.Crim.App. 2002).  The test for probable cause is an objective
one, unrelated to the subjective beliefs of the arresting officer, and it
requires a consideration of the totality of the circumstances facing the
arresting officer.  Maryland v. Pringle, 540 U.S. 366, 371, 124 S.Ct. 795, 800, 157
L.Ed.2d 769 (2003); Beck, 379 U.S. at 96-7, 85 S.Ct. at 228; Amador, 275 S.W.3d
at 878.  A finding of probable cause
requires “more than bare suspicion” but “less than . . . would justify . . .
conviction.”  Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310,
93 L.Ed. 1879 (1949).

 

Application

            Based
upon long-standing precedent, we agree with the trial court that the facts and
circumstances presented here, when viewed together, were sufficient to establish
probable cause to stop Appellant’s vehicle for a traffic violation.  We find that Officer Duke had probable cause
to stop Appellant’s vehicle in light of Officer Duke’s observation of a missing
front license plate and a non-functional rear license plate light.[1]  We further find that during the course of the
traffic stop, Officer Duke developed a reasonable suspicion that Appellant had
committed another crime, specifically, burglary of a building, sufficient to
justify Appellant’s continued detention for purposes of additional
investigation.  During an investigative detention, an officer is authorized
to temporarily detain an individual for investigative purposes when the officer
has reasonable suspicion that the
individual could be involved in some type of criminal activity.  See Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002).
 Investigative detentions are justified
when, after considering the totality of the situation, the detaining officer
has specific articulable facts which, when taken together with rational
inferences from those facts, lead him to determine that the person detained
actually is, has been, or soon will be engaged in criminal activity.  Balentine,
71 S.W.3d at 768.

Finally, the
information gleaned during the course of the traffic stop, including:  (1) the boxes and shipping labels in plain
view in the bed of Appellant’s pick-up truck; (2) Appellant’s nervousness and
difficulty in answering the officer’s questions about the boxes; (3) the sheetrock
dust on Appellant and his vehicle; (4) the officer’s knowledge of the
burglaries in his district and the manner in which those burglaries had been
previously conducted; (5) the similarities between Appellant’s vehicle and the
vehicle used in a prior burglary; and (6) the fact that a business on Arion
Parkway had been recently burglarized and boxes from that same address were in
Appellant’s vehicle, constituted sufficient probable cause to justify the
arrest of Appellant without a warrant for the offense of burglary of a
building.

In light of the
testimony offered at the hearing on the motion to suppress, and given our
deference to the trial court’s findings, it is clear that the trial court
resolved any discrepancies in the testimony in favor of Officer Duke.  See
St. George, 237 S.W.3d at 725; Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997).  Viewing the
evidence in the light most favorable to the trial court’s ruling, we hold that
the court did not err in denying Appellant’s motion to suppress evidence.  See Iduarte,
268 S.W.3d at 548.

Conclusion

The judgment of the trial court is affirmed.

 

 

January 4, 2012                                               CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera,
and Antcliff, JJ.

 

(Do Not Publish)











[1]
See Tex.Transp.Code
Ann. § 502.404(a)(West Supp. 2011).